UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                      02-217-SDD-RLB

DONELL POGUE

## RULING

This matter is before the Court on the Defendant's *Motion and Request for Back Time and/or Alternative to Vacate Judgment*.[1] The Government has filed an *Opposition*[2] to this motion. The Defendant, who is incarcerated at the Federal Correctional Institute in Beaumont, Texas, contends that the Bureau of Prisons ("BOP") incorrectly calculated the amount of time he spent in custody prior to this sentence by eight months and sixteen days.

On July 30, 2015, the Defendant was arrested for violating the terms of his Supervised Release and stipulated to the violations on July 31, 2015.[3] On September 29, 2015, Defendant was sentenced to 24 months imprisonment with 12 months of Supervised Release for violating the terms of his previous Supervised Release.[4]

The Defendant now moves to have additional credit applied to his sentence pursuant to 18 U.S.C. § 3568; however, the Government correctly notes that 18 U.S.C. §

---

[1] Rec. Doc. No. 57.
[2] Rec. Doc. No. 61.
[3] Rec. Doc. No. 48.
[4] Rec. Doc. Nos. 54 & 55.
Document Number: 35325

3568 only applies to a defendant accused of committing a crime before November 1, 1987. Because Defendant's crime was committed in August of 2013, relief under this statute is not available to him.[5]

Plaintiff seeks alternative relief pursuant to 28 U.S.C. § 2255; however, Plaintiff achieves no better result under this statute. Claims for credit for time served address the computation and execution of the sentence rather than the sentence itself and should be addressed in a petition for writ of habeas corpus under 28 U.S.C. § 2241.[6] Moreover, even if the appropriate motion had been filed, any such request for credit for time served must first be addressed by the Bureau of Prisons.[7] The granting of credit for time served is an administrative matter to be determined by the Bureau of Prisons; thus, the sentencing court does not participate in the computation of credit.[8] The decision by the Bureau of Prisons as to the credit for time served may be reviewed by the district court, but the Defendant must first exhaust the administrative remedies and then seek judicial review under 28 U.S.C. § 2241.[9] Because the Defendant has not demonstrated to this Court that he has exhausted his administrative remedies, the Court lacks jurisdiction to review the matter.[10]

---

[5] *See U.S. v. Insley*, 927 F.2d 185, 186 n. * (4th Cir. 1991)("Section 3568 applies to defendants accused of committing crimes before November 1, 1987—the effective date of § 3585. The government does not challenge Insley's assertion that § 3585 applies to her case. In any case, whether § 3585 or § 3568 is applied, the outcome is the same.").
[6] *Hensley v. U.S.*, No. 02-cr-20063, 2009 WL 3816489 (W.D. La. Nov. 12, 2009)(citing *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir.1994); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir.1985)).
[7] *United States v. Wilson*, 112 S.Ct. 1351 (1992); *United States v. Barrera–Saucedo*, 385 F.3d 533, 536 (5th Cir.2004); *United States v. Dowling*, 962 F.2d 390 (5th Cir.1992); *Fuller v. Rich*, 11 F.3d 61 (5th Cir.1994).
[8] *Id.*
[9] *Fuller, supra,*; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993); *Kayfez v. Gasele*, 993 F.2d 1288, 1289 (7th Cir.1993); *Pinedo v. United States*, 955 F.2d 12, 13 (5th Cir.1992).
[10] *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir.1993); *Cleto*, 956 F.2d at 841; *Fuller*, 11 F.3d at 62.

Document Number: 35325

Further, even if the Defendant could demonstrate that he had exhausted his administrative remedies, this Court still would not have jurisdiction to review a Section 2241 motion. A properly filed Section 2241 motion must be filed in the district court where the defendant is presently incarcerated, or the prisoner's immediate custodian.[11] Usually, the prisoner's immediate custodian is the proper party respondent to a Section 2241 habeas petition, and that party is customarily the warden of the facility in which the prisoner is currently incarcerated.[12] The Defendant is currently incarcerated in Beaumont, Texas. Therefore, the Eastern District of Texas would have jurisdiction over this particular matter.

Accordingly, for the reasons set forth above, it is ORDERED that the Defendant's *Motion and Request for Back Time and/or Alternative to Vacate Judgment*[13] is hereby DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 29 day of September, 2016.

                                               SHELLY D. DICK, DISTRICT JUDGE
                                               MIDDLE DISTRICT OF LOUISIANA

---

[11] *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir.1990); *United States v. Miller*, 871 F.2d 488, 489–90 (5th Cir.1989).
[12] *Chatman–Bay v. Thornburgh*, 864 F.2d 804, 813 (D.C.Cir.1988)(*en banc*).
[13] Rec. Doc. No. 57.